UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| Dakotans for Health and Rick Weiland, ) ) ) Plaintiffs, ) ) v. ) ) Secretary of State Monae Johnson, in her official capacity only, ) ) ) Defendant. ) _____ ) | Civ. 4:25-cv-04050-CCT |

**Memorandum in Support of**
**Motion for Attorney's Fees and Costs**

This action was brought pursuant to 42 U.S.C. § 1983. Doc. 1 ¶ 4. Under 42 U.S.C. § 1988(b), if plaintiffs Dakotans for Health and Rick Weiland prevailed, they are entitled to attorney's fees unless "special circumstances would render such an award unjust." *Blanchard v. Bergeron*, 489 U.S. 87, 89 n. 1 (1989); *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968). No special circumstances make such an award unjust here. Attorney's fees include costs, both taxable and non-taxable, reasonably expended. *Little Rock Sch. Dist. v. Arkansas*, 127 F.3d 693, 696 (8th Cir. 1997). This Court granted a permanent injunction prohibiting defendant, her

officers, agents, servants, employees, attorneys, and all persons in active concert or participation with her, from enforcing House Bill 1184 (2025). Doc. 68 at 16. This order altered the legal relationship between the parties, so plaintiffs are "prevailing parties." *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001).

There is "[a] strong presumption that the lodestar figure—the product of reasonable hours times a reasonable rate—represents a 'reasonable' fee." *Murphy v. Smith*, 583 U.S. 220, 227 (2018), quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). After determining the lodestar figure, a court may adjust the fee "upward or downward based on the 'degree of success obtained' by the plaintiff, which is the most critical factor in determining the fee award." *Phelps-Roper v. Koster*, 815 F.3d 393, 398 (8th Cir. 2016).

Plaintiffs achieved an excellent result: complete success. An excellent result justifies a fully compensable fee. *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. . . . The result is what matters.") (footnote omitted). An attorney's

work preparing a motion for fees is compensable. *Jones v. MacMillan Bloedel Containers, Inc.*, 685 F.2d 236, 239 (8th Cir. 1982) ("The attorneys for the plaintiffs have also requested an amount for services performed in litigating the attorney's fees claim in the district court and on appeal. In accordance with the practice of other circuits, we hold that the plaintiffs' attorneys are entitled to such compensation.") Plaintiffs do not request an upward adjustment.

Attorney's requested rate of $400 per hour is justified by the Declarations of Stephanie E. Pochop and James D. Leach filed herewith. Attorney's costs include computerized legal research, billed at actual cost, without a markup. Declaration of James D. Leach, ¶ 16. "CLR [computerized legal research] is now a common litigation expense, and it may be reimbursable." *Hernandez v. Bridgestone Ams. Tire Operations, LLC*, 831 F.3d 940, 950 (8th Cir. 2016). The district court may award CLR expense if the prevailing party "demonstrates that separately billing for CLR is the 'prevailing practice in a given community' and that such fees are reasonable[.]" *Id.*

The declarations of three excellent western South Dakota attorneys show that separate billing for CLR is the prevailing practice. The late Mark Marshall, a former United States Magistrate Judge and a fellow of the American Academy of Appellate Lawyers, states that his (now-former) firm, Bangs McCullen, bills CLR to all clients

when possible, except when "institutional clients prohibit doing so." Kenneth E. Barker, whose firm has recovered more than $100 million in compensatory damages, states that it bills CLR to its clients. Robert J. Rohl states that his (now-former) firm, Johnson, Eiesland & Rohl, where former Disciplinary Board Chair and State Bar President Greg Eiesland practiced until his retirement, billed CLR to its clients. Declaration of James D. Leach, Exhibits 7, 8, and 9. The amount of the CLR costs charged is reasonable because plaintiff's attorney has shown by declaration that they are the costs actually billed to and paid by him, without markup.

Plaintiffs' fees and costs are reasonable and were necessarily expended to produce the successful result obtained. Accordingly, plaintiffs ask the Court to award the fees and costs requested.

Dated: September 11, 2025     Respectfully submitted,

<u>/s/ James D. Leach</u>
James D. Leach
Attorney at Law
1617 Sheridan Lake Rd.
Rapid City, SD 57702
(605) 341-4400
jim@southdakotajustice.com
Attorney for Plaintiffs

<u>Certificate of Service</u>

    I certify that on September 11, 2025, I filed this document electronically, thereby causing automatic electronic service to be made on defendant's attorney.

<u>/s/ James D. Leach</u>
James D. Leach