UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DAKOTANS FOR HEALTH and RICK WEILAND, | 4:25-cv-04050-CCT |
| Plaintiffs, | |
| vs. | |
| SECRETARY OF STATE MONAE JOHNSON, in her official capacity only, | DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS |
| Defendant. | |

COMES NOW, the above-named Defendant, Secretary of State Monae Johnson (hereinafter "Secretary"), by and through her undersigned counsel, Grant M. Flynn, Assistant Attorney General, and hereby submits the following Response to Plaintiff's Motion for Attorney's Fees and Costs.

Plaintiffs' request for attorney's fees is fraught with contradictions. Plaintiffs' counsel spends the first portion of his declaration espousing of his vast experience but later explains that he used his "billing judgment" to exclude excessive, redundant, or otherwise unnecessary hours without any explanation as to how he did so. Doc. 71, ¶15. At no point in his declaration or invoice does Plaintiffs' counsel explain why an attorney with such extensive experience required such a vast number of billable hours to prepare for this case. *See generally* Doc. 71-8 and 72. Likewise, the significant amount of time reported by Plaintiffs' counsel is not commensurate with a case that, according to Plaintiffs, did not even need to be litigated as all of the issues were fully and

previously decided. *See* Doc. 8, pg. 8-12 (asserting that litigation in this matter is barred by collateral estoppel.) As shown below, the hours Plaintiffs' counsel billed are unreasonable, unnecessary, and excessive.

"The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Benson v. City of Lincoln*, 774 F. Supp. 3d 1046, 1080 (D. Neb. 2024). "When calculating the lodestar, a district court need not accept counsel's submission of hours as conclusive but should exclude from that total those hours that were not reasonably expended on the litigation." *Id.* (quoting *Fires v. Heber Springs Sch. Dist.*, 565 F. App'x 573, 575 (8th Cir. 2014) (unpublished per curiam)); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433-34, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). "Although the district court need not explicitly state which hours it finds reasonable, it must at least calculate the hourly rate and the reasonable number of hours worked." *Id.* (quoting *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 856 (8th Cir. 2021)); *Fires*, 565 F. App'x at 576).

"The district court must 'exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.'" *Benson*, 774 F. Supp. 3d at 1080 (quoting *Beckler*, 83 F.4th at 695; *Hensley*, 461 U.S. at 434, 103 S. Ct. 1933). Typically, the Court would determine the reasonableness of hours worked based on "hours expended in similar cases because "[t]he lodestar method is based on the number of hours reasonably expended on the litigation.'" *Id.* In determining reasonableness of hours spent, the Court "may

2

consider whether the claims at issue were 'complex and cutting edge' or 'factually and legally straightforward.'" *Id.* at 1080-81.  The present case, however, is not typical as Plaintiffs' counsel has previously litigated what is, according to Plaintiffs, an identical case; so he is uniquely familiar with the background of the statutory provisions at issue in this litigation.

     In *Benson*, the district court recognized that, despite the plaintiff's attorneys acting as though it were a complex and cutting-edge case, it was in fact "rather straightforward." *Id.* at 1081.  Likewise, Plaintiff's counsel's billing reflects that of a complex and cutting-edge case; but, in fact, Plaintiffs' did not feel that the case needed to be litigated at all because he had litigated an identical case previously.  *See* Doc. 8, pg. 8-12.  Plaintiffs billing reflects that he spent approximately thirty-five hours drafting the Complaint and Motion for Preliminary and Permanent Injunction in this case.  Doc. 71-8.  According to Plaintiffs this Complaint and Motion were so similar to ones that had been previously prepared by Plaintiffs' counsel, the State should have been barred from attempting to defend against them.  *See* Doc. 8, pg. 8-12.  Thirty-five hours is an unreasonable amount of time to revise a motion and complaint that had previously been litigated, especially for an attorney with the experience of Plaintiffs' counsel.

     Counsel's billing further reflects that he spent approximately fifty-five hours drafting a reply to Defendant's response to the motion for preliminary and permanent injunction.  Doc. 71-8.  Plaintiffs' Reply brief was only thirty-eight pages long, with only thirty-four pages of substance.  Doc. 32.  This

equates to more than an hour and a half per page which is clearly unreasonable and excessive given the experience of Plaintiffs' counsel with this type of litigation and with this case in particular.

In addition, Plaintiffs' counsel claims to have spent approximately seventy hours preparing for the two-part hearing that was conducted in this case.  Doc. 71-8.  Again, almost two forty-hour work weeks of preparation is grossly unreasonable given Plaintiffs' counsel's experience and knowledge of the background and subject matter of this case.

Moreover, Plaintiff falsely claims "complete success" with regard to this litigation.  Doc. 72, 2.  In fact, Plaintiffs' counsel spent an exorbitant amount of time on a claim that this Court determined was without merit.  Doc. 68, 8 (finding that the questions to be decided in this case were not identical to the previous litigation, so collateral estoppel did not apply.)  According to Plaintiffs' counsel's invoice, he spent approximately fourteen hours conducting "extensive legal research" into the collateral estoppel issue.  Doc. 71-8.  Plaintiffs' counsel should receive no benefit for this time as his efforts did not benefit his clients.

While Plaintiffs' counsel spends considerable time identifying his experience and justifying his hourly rate, Plaintiffs' request for attorney's fees is noticeably silent as to the reasonableness of the time invested by counsel. Plaintiffs vehemently asserted that there was no need to litigate this case as Plaintiffs' counsel had fully addressed the issues previously.  Doc. 8, pg. 8-12. Plaintiffs' counsel now asserts that he needed to expend two hundred and twenty-three hours over the span of four months to litigate a case that he

4

claims to have litigated before.  *See* Doc. 71-8.  This request is blatantly unreasonable and excessive.  *Benson,* 774 F. Supp. 3d at 1080

      Finally, Plaintiffs' counsel seeks payment for approximately $2,700 worth of fees paid to his expert witness, Corey Heidelberger.  Doc. 71-8.  Courts generally consider seven factors when determining whether an expert fee is reasonable.  Those are:

> (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*Bowen v. Monahan,* 163 F.R.D. 571, 573 (D. Neb. 1995);  *see also Jochims v. Isuzu Motors, Ltd.,* 141 F.R.D. 493, 495 (S.D. Ia. 1992); *Hose v. Chicago and North Western Transp. Co.,* 154 F.R.D. 222 (S.D. Ia. 1994); *Goldwater v. Postmaster General of the United States,* 136 F.R.D. 337 (D. Conn.1991).

      Plaintiffs have provided no information with which Defendant may analyze several of these factors.  Plaintiffs' counsel lists two entries for "fees" paid to Mr. Heidelberger on his invoice.  One payment is in the amount of $900.15, and another is in the amount of $1,836.60.  These costs are not itemized by hourly rate or travel expenses.  They simply exist as lump sum amounts on the invoice.  While Mr. Heidelberger was recognized as an expert by the Court, his expertise is not the sole basis for determining the reasonableness of his fee.  As with Plaintiffs' counsel, $2,700 is an unreasonable amount to charge for a few hours' worth of testimony related to

issues on which Mr. Heidelberger had already testified.

For these reasons, Defendant respectfully requests that this Court reduce Plaintiffs' counsel's request for attorney's fees by one-third, which is reasonable based on the circumstances of this case.

Dated this 26th day of September, 2025.

>/s/ *Grant M. Flynn*
> Grant M. Flynn
> Assistant Attorney General
> 1302 S.D. Hwy. 1889, Suite #1
> Pierre, South Dakota 57501
> Telephone: (605) 773-3215
> Email: grant.flynn@state.sd.us