UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| Dakotans for Health and Rick Weiland, | ) ) ) | |
| Plaintiffs, | ) ) | Civ. 4:25-cv-04050-CCT |
| v. | ) ) | |
| Secretary of State Monae Johnson, in her official capacity only, | ) ) ) | |
| Defendant. | ) ) | |

**Dakotans for Health's Opposition to State's Motion to Stay**

# Table of Contents

| | | |
|---|---|---|
| I. | This Court's ruling and the standard for this motion | 3 |
| II. | The State has not made a strong showing that it is likely to succeed on the merits | 4 |
| III. | The State's failure to show likely success on the merits dooms its motion | 7 |
| IV. | The remaining stay factors favor Dakotans for Health | 7 |
| | A. A stay would irreparably injure Dakotans for Health, not the State | 7 |
| | B. A stay will injure Dakotans for Health, by depriving it of its First Amendment rights | 8 |
| | C. The public interest favors enforcing the First Amendment, not granting a stay | 9 |
| IV. | Courts in this district have denied the State's motions to stay rulings that laws regulating the initiative process violate the First Amendment | 9 |
| V. | Conclusion | 10 |

I.      **This Court's ruling and the standard for this motion**

This Court carefully analyzed the facts, applied the law, and permanently enjoined HB 1184's nine-month filing deadline for initiated measures. This Court ruled it was "not persuaded that the State has tied HB 1184's nine-month deadline to the *State's* regulatory interest in protecting the integrity and reliability of the initiative process." Doc. 68 at 14. This Court ruled that even if it "were to agree that the State has a regulatory interest allowing citizens more time to litigate petition challenges prior to an election, the State has not shown that a nine-month filing deadline satisfies that interest." Doc. 68 at 14. This Court noted: "the State acknowledges as much." Doc. 68 at 15.

The standard to determine whether the State is entitled to a stay pending appeal is "(1) whether the stay applicant has made a *strong* showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (emphasis added).

The burden of proof is on the State. *Brady v. Nat'l Football League*, 779 F. Supp. 2d 1043, 1046 (D. Minn. 2011). Its burden is heavy. "Because the burden of meeting

this standard is a heavy one, more commonly stay requests will not meet this standard and will be denied." *Id.*, quoting 11 Charles Alan Wright, Federal Practice and Procedure § 2904, at 503-05 (2d ed. 1995).

## II. The State has not made a strong showing that it is likely to succeed on the merits

The State asks this Court to rule that it erred in holding the nine-month filing deadline for initiated measures unconstitutional. The State's attempt to satisfy its heavy burden is one lonely paragraph. Doc. 76 at 4. The State does not cite any cases this Court supposedly overlooked. It does not say how the Court's reasoning was erroneous. It makes only two arguments.

*First*, it argues that if the trial of a petition challenge occurs before the date of the election, "any facts calling into question the legitimacy of a petition, and by extension an initiative, would be publicly aired. Such publicly available facts would be extremely valuable as a voter planning to support a measure might well reconsider upon learning that the initiative was brought improperly." Doc. 76 at 4. This is a new argument. Previously, the State made a different argument: that the purposes of HB 1184 were to "allow a meaningful opportunity for investigation into and litigation as to challenged initiative petitions and petition signatures," and to

4

"allow[] adequate time for meaningful court challenges to potentially invalid petitions" so voters will "know[] whether it was validly on the ballot or not." Doc. 25 at 23 and 25.

Because the State did not make its current argument in this Court, it will be precluded from making it on appeal. *Kelley v. Safe Harbor Managed Account 101, Ltd.*, 31 F.4th 1058, 1066 (8th Cir. 2022); *Cole v. Int'l Union, UAW*, 533 F.3d 932, 936 (8th Cir. 2008). So the State has no likelihood of success on appeal based on it.

In any event, even if this argument could be heard on appeal, it does not show that this Court should reverse itself. The point of a petition challenge is to attempt to remove a petition from the ballot. It either succeeds or fails. If the challenge succeeds, it doesn't matter what the public thinks, because the petition will not be on the ballot, or will be disqualified if the challenge is resolved after the election. If the challenge fails, whether any evidence heard during a petition challenge could possibly affect any voter is utterly speculative, and depends on unknowable factors such as what the evidence is, how widely it is distributed in the media, how effective each side's media campaigns are, how the evidence could affect potential voters, etc. And if the challenge fails, the logical public conclusion is that the challenge lacked

merit. Unknowable possible public reaction to court proceedings is far too amorphous for judges to consider.

*Second*, the State argues that "Because the Eighth Circuit left the setting of petition deadlines to the State, it intended for the South Dakota legislature to set a petition deadline based on legitimate interests." Doc. 76 at 4. This is the same argument the State—or at least Speaker Hansen, if he represents the State, as the State has claimed he does—has made in the court of public opinion. Exhibit 1 ("'The Biden appointed federal judge got this wrong,' Hansen said in an emailed statement. 'The 8th Circuit said the people's elected legislature has the lawful authority to set the petition submission deadline—not unelected federal judges.'")

Perhaps this is a good argument for the court of public opinion. But it's transparently only half true. The Eighth Circuit indeed held that the Legislature sets the deadline. But it also held that the deadline must comport with the First Amendment. *SD Voice v. Noem*, 60 F.4th 1071, 1082-83 (8th Cir. 2023). This is exactly the issue this Court decided. So this Court's decision is completely consistent with *SD Voice v. Noem*.

In summary, the State asks this Court to say it was wrong in holding HB 1184 unconstitutional. But it waived its first argument, and both its arguments lack merit.

So it fails to make any showing, let alone a strong one, that it is likely to succeed on appeal.

## III. The State's failure to show likely success on the merits dooms its motion

"The most important factor [in whether a stay should be granted] is the appellant's likelihood of success on the merits." *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011). The State's failure to show likelihood of success on the merits resolves its motion for a stay, because "[w]hen a plaintiff has shown a likely violation of his or her First Amendment rights, the other requirements for obtaining a preliminary injunction are generally deemed to have been satisfied." *Minnesota Citizens Concerned for Life, Inc. v. Swanson*, 692 F.3d 864, 870 (8th Cir. 2012), quoting *Phelps-Roper v. Troutman*, 662 F.3d 485, 488 (8th Cir. 2011) (per curiam). The same rule logically applies to a permanent injunction.

## IV. The remaining stay factors favor Dakotans for Health

### A. A stay would irreparably injure Dakotans for Health, not the State

As this Court wrote, the loss of First Amendment freedoms for any period of time, no matter how short, constitutes irreparable injury. Doc. 68 at 16-17. So a stay would cause irreparable injury to Dakotans for Health, not to the State. The State's only argument is that without a stay, it will not be allowed to enforce HB 1184. But

7

HB 1184 is unconstitutional and permanently enjoined. So lack of a stay cannot irreparably harm the State, because being forced to abide by the First Amendment cannot harm the State, much less irreparably harm it.

### B. A stay will injure Dakotans for Health, by depriving it of its First Amendment rights

The State argues that Dakotans for Health's loss of its First Amendment rights is a mere "inconvenience." But as with the irreparable injury factor, the key principle here is that any loss of First Amendment rights is irreparable injury. "[T]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Mahmoud v. Taylor*, ___ U.S. ___, 145 S. Ct. 2332, 2364 (2025), quoting *Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020). "This Court has long held that '[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" *Doe v. Mills*, ___ U.S. ___, 142 S.Ct. 17, 22 (2021), quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion).

The State asserts that it "is entitled to enforce its laws until the State has exhausted all of its avenues to demonstrate the constitutionality of the law in question." Doc. 76 at 6. It cites no authority for this position and there is none. The

8

State is not entitled to a stay on appeal unless it meets its heavy burden to obtain one, in accordance with *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), quoted in section I of this brief.

### C. The public interest favors enforcing the First Amendment, not granting a stay

The State's only argument here is that the public has a strong interest in enforcement of state laws. But as this Court ruled, "the public interest is served by protecting First Amendment rights." Doc. 68 at 16. And as this Court stated, "there is no interest in enforcing unconstitutional restrictions." Doc. 68 at 16. "[I]njunctions protecting First Amendment freedoms are always in the public interest." *Xcentric Ventures, L.L.C. v. Smith*, 2015 U.S. Dist. Lexis 118143 * 70 (N.D. Iowa 2015), quoting *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 298 (5th Cir. 2012).

### IV. Courts in this district have denied the State's motions to stay rulings that laws regulating the initiative process violate the First Amendment

*Dakotans for Health v. Noem*, 2021 U.S. Dist. Lexis 153805, 2021 WL 3619735 (D.S.D., So. Div.), denied the State's motion to stay the preliminary injunction the court issued after holding South Dakota Senate Bill 180 (2020), which imposed restrictions on initiative petition circulators, unconstitutional because it violated the

First Amendment. The district court reviewed the four stay factors discussed above and found the State met none. The same is true here.

Likewise, *SD Voice v. Noem*, 570 F. Supp. 3d 743 (D.S.D, No. Div. 2021), denied the State's motion to stay the permanent injunction the court issued after holding South Dakota's one-year filing deadline for initiated laws unconstitutional because it violated the First Amendment. The district court reviewed the same four stay factors and found the State met none. The same is true here.

## V. Conclusion

The State has not made any showing, let alone a strong showing, that this Court erred on the merits. This alone means its motion should be denied. And it has not satisfied any of the other criteria to obtain a stay. So its motion should be denied, just as its motions to stay in *Dakotans for Health v. Noem*, 2021 U.S. Dist. Lexis 153805, 2021 WL 3619735 (D.S.D., So. Div.) and *SD Voice v. Noem*, 570 F. Supp. 3d 743 (D.S.D, No. Div. 2021), were denied.

Dated: October 3, 2025   Respectfully submitted,

/s/ James D. Leach
James D. Leach
Attorney at Law
1617 Sheridan Lake Rd.
Rapid City, SD 57702
(605) 341-4400

jim@southdakotajustice.com
Attorney for Plaintiffs

Certificate of Service

I certify that I served this document on defendant on October 3, 2025, by filing it electronically, thereby causing automatic service to be made on defendant's attorney.

/s/ James D. Leach
James D. Leach