UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAKOTANS FOR HEALTH and RICK WEILAND, | ) ) ) | 4:25-cv-04050-CCT |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY JUDGMENT PENDING APPEAL |
| SECRETARY OF STATE MONAE JOHNSON, in her official capacity only, | ) ) ) ) ) | |
| Defendant. | ) | |

COMES NOW, the above-named Defendant, Secretary of State Monae Johnson (hereinafter "Secretary"), by and through her undersigned counsel, Grant M. Flynn, Assistant Attorney General, and hereby submits the following Reply to Plaintiff's Opposition to Defendant's Motion to Stay Judgment Pending Appeal.

**INTRODUCTION**

Plaintiffs raise two specific points in their Opposition to Defendant's Motion to Stay this Court's Judgment to which Defendant needs to respond. Defendant will rely on her initial brief supporting her stay request as to the remaining issues. First, Defendant did not present a novel justification in support of her request for a stay as alleged by Plaintiffs. This statement is part and parcel of the State's previous arguments, albeit rephrased. Second, Plaintiffs are incorrect that the value of any information brought to the public during an unsuccessful challenge would be speculative. Finality of the

judgment aside, a trial on the merits of a petition challenge will no doubt provide valuable information to the public which is the opportunity the Legislature sought when extending the deadline via HB 1184.

## ARGUMENT

First, Plaintiffs claim that Defendant changed her justification of HB 1184's deadline adjustment between her Response to Plaintiffs' Motion for Preliminary and Permanent Injunction and the present motion to stay the Court's judgment is simply unfounded and erroneous.  Doc. 82, 4-5.  Defendant's language compared in Plaintiff's opposition brief shows as much. Plaintiff explains that Defendant initially argued the purpose of HB 1184 was to "'allow a meaningful opportunity for investigation into and litigation as to challenged initiative petitions and petition signatures,' and to 'allow[] adequate time for meaningful court challenges to potentially invalid petitions' so voters will 'know[] whether it was validly on the ballot or not.'" Doc. 82, 5.  According to Plaintiffs, Defendants now assert that "any facts calling into question the legitimacy of a petition, and by extension an initiative, would be publicly aired. Such publicly available facts would be extremely valuable as a voter planning to support a measure might well reconsider upon learning that the initiative was brought improperly." Doc. 82, 4.

If a petition challenge determines that a measure is not validly on the ballot, the Court or a jury most likely determined that it was a result of the initiative being brought improperly.  These two assertions are key components to the same argument, i.e. the purpose of HB 1184 was to allow a Court to

2

determine whether all of the steps to bringing an initiative petition were performed properly, including collecting petition signatures, to establish whether the initiative is properly on the ballot.  Not only is this not a new argument as Plaintiffs claim, it is barely a restatement of Defendant's prior argument.

Moreover, contrary to Plaintiff's claim, success or failure of an initiative is not the only information that will be provided to the public during a court challenge of an initiative petition, and the value of that information is not speculative.  Doc. 82, 5.  This Court found that the petition deadline in HB 1184 did not further the State's interests because even under the new deadline a challenge could not be completed.  Doc. 68, 15.  Defendant has consistently stated that the State's interest is as much in the public disclosure that would occur during a trial as the final result of the initiative being placed on the ballot or not.  Doc. 73, pg. 69, 18-23.  Regardless of the final determination of the Supreme Court in a petition challenge, valuable information will unquestionably be revealed during a public trial of the petition challenge.  The value of this information furthers the State's legitimate interest in attempting to provide additional time for challenges to occur while still accounting for a supporter's First Amendment right to circulate petitions.

## CONCLUSION

For these reasons, Defendant respectfully requests that this Court grant Defendant's Motion to Stay this Court's Judgment pending appeal.

3

Dated this 16th day of October, 2025.

>     /s/ Grant M. Flynn
>     Grant M. Flynn
>     Assistant Attorney General
>     1302 East SD Highway 1889, Suite 1
>     Pierre, South Dakota 57501
>     Telephone: (605) 773-3215
>     Email: grant.flynn@state.sd.us