UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DAKOTANS FOR HEALTH and RICK WEILAND,<br><br>Plaintiffs,<br><br>vs.<br><br>MONAE JOHNSON, SECRETARY OF STATE; in her official capacity only,<br><br>Defendant. | 4:25-CV-04050-CCT<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY** |

On August 29, 2025, the Court entered an order and judgment permanently enjoining Secretary of State Monae Johnson in her official capacity, and her officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them from carrying out, implementing, and enforcing the provisions of South Dakota House Bill 1184, in any manner whatsoever. Dockets 68, 69. The Secretary's appeal is pending before the Eighth Circuit Court of Appeals. Docket 81; Docket 81-1. The Secretary now moves this Court for an order staying the Court's permanent injunction pending its appeal. Docket 75. Plaintiffs Dakotans for Health and Rick Weiland (collectively, "Dakotans for Health") oppose the motion. Docket 82.

Federal Rule of Appellate Procedure 8(a) governs the power of a court of appeals to stay an order of a district court pending appeal. "A stay is an

1

intrusion into the ordinary processes of administration and judicial review[.]" *Nken v. Holder*, 556 U.S. 418, 427 (2009) (citation omitted). The decision to grant a stay is an exercise of judicial discretion, and "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* (citation omitted).

When examining whether to stay an injunction pending appeal, the Court looks to four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed in the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). "The most important factor is the appellant's likelihood of success on the merits." *Id.*

The Eighth Circuit has explained that the "analysis of whether a stay is warranted overlaps almost completely with [the court's] analysis of whether a permanent injunction was merited." *Miller v. Thurston*, 967 F.3d 727, 736 n.4 (8th Cir. 2020). "Most importantly, both require an assessment of the merits, albeit under slightly different legal and evidentiary standards." *Id.* In that regard, the Court noted that on a motion to stay, a court is to consider whether the movant has made a strong showing of success on the merits, while for a permanent injunction, the movant must *prove* success on the merits. *Id.* As such, the more demanding standard applied to a permanent injunction request

necessarily addresses the likelihood of success factor on a motion to stay. *See id.*

In the Court's order granting Dakotans for Health a permanent injunction, the Court determined that Dakotans for Health showed actual success on the merits. Docket 68 at 15. Included in this determination, then, is the finding that the Secretary is not likely to succeed on the merits of her claim that a nine-month filing deadline is constitutional. *See Planned Parenthood Minnesota v. Noem*, 4:22-CV-04009-KES, 2022 WL 2374725, at *1 (D.S.D. March 28, 2022) (explaining "it follows" from the court's finding that the plaintiff is likely to succeed on the merits that the defendant is not likely to succeed on the merits). As such, the Secretary has not "made a strong showing that [she] is likely to succeed on the merits" such that a stay pending appeal is warranted. *See Brady*, 640 F.3d at 789. The Court notes that it also found in favor of Dakotans for Health on the remaining permanent injunction factors, Docket 68 at 15–16, and that the Court's consideration of the same here does not warrant different findings.

Accordingly, it is hereby

ORDERED that Defendant's motion to stay, Docket 75, is denied.

Dated October 30, 2025.

                                        BY THE COURT:

                                        /s/ *Camela C. Theeler*
                                        CAMELA C. THEELER
                                        UNITED STATES DISTRICT JUDGE